**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

In re:

**THOMAS A GERMAINE
LAURA M GERMAINE,**

**CHAPTER 13**

**DEBTORS.**

**CASE NO. 16-12789-BFK**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET LOAN OBLIGATION TRUST 2007-WF1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WF1,**

      **MOVANT,**

vs.

**THOMAS A GERMAINE
LAURA M GERMAINE
and THOMAS P. GORMAN, TRUSTEE,**

      **RESPONDENTS.**

### ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-WF1, Mortgage Pass-Through Certificates, Series 2007-WF1, to amend the Automatic Stay having been properly served, and upon agreement by Counsel,

It appears that Debtors are in possession of a certain real property located at 5880 Anthony Drive, Woodbridge, VA 22193, and more particularly described as follows:

> **Lot 6A, DEVONSHIRE, as the same is duly dedicated, platted and recorded in Deed Book 898 at Page 511 among the Land Records of Prince William County, Virginia.8091-19-3906**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtors will resume making all future regular monthly installment payments in the amount of $2,985.95, as they become due commencing November 1, 2017 pending further notice from the Movant.

    a. All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

    > Wells Fargo Bank, N.A.
    > Wells Fargo Home Mortgage
    > PO Box 14507
    > Des Moines, IA 50306

2. In the event that any payment required by this Order is not received by the Movant within fifteen (15) days after it is due the Movant may mail a Notice of Default to the Debtors by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court,

**Nisha R. Patel, Esquire
Counsel for Movant
Samuel I. White, P.C.
Bar No. 83302
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 42551**

Counsel for Debtors and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the Notice of Default is mailed to the Debtors. The Notice of Default will state in simple and plain language:

a. That the Debtors are in default in making at least one payment required under this Order;

b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtors or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the Notice of Default:

   i. Cure the default;
   ii. File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the Automatic Stay should not be entered;

e. That if the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the Automatic Stay without further notice to the debtors; and

f. That if the Automatic Stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Trustee nor Debtors have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the Automatic Stay.

If the Trustee or Debtors files an objection to the Notice of Default, the Movant must set the matter for hearing and give notice of the hearing to the Debtors, Counsel for Debtors and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

b. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

c. Until the Automatic Stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtors, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice

and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

d. The Automatic Stay is modified to permit the Noteholder or servicing agent to send the Debtors any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

e. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

f. In the event of Discharge or Dismissal, the re-payment terms contained herein shall no longer be applicable, and the Movant shall be granted relief from the Automatic Stay without further Notice of Default, hearing or order from this Court.

DATED: Oct 31 2017

/s/ Brian F. Kenney

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

October 31, 2017

I ask for this:

By: **/s/ Nisha R. Patel**
Eric D. White, Esquire, Bar No. 21346
Brandon R. Jordan, Esquire, Bar No. 72170
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
npatel@siwpc.com
Counsel for Deutsche Bank National Trust
Company, as Trustee for HSI Asset Loan
Obligation Trust 2007-WF1, Mortgage Pass-
Through Certificates, Series 2007-WF1

Seen and Agreed:

**/s/ Daniel M. Press**
Daniel M. Press
Counsel for Debtors
6718 Whittier Ave, Suite 200
McLean, VA 22101

Seen:

**/s/ Thomas P. Gorman**
Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314

CERTIFICATE OF SERVICE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/ Nisha R. Patel**
Nisha R. Patel, Esquire
Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314

Daniel M. Press
Counsel for Debtors
6718 Whittier Ave, Suite 200
McLean, VA 22101

Thomas A Germaine and Laura M Germaine
Debtors
5880 Anthony Drive
Woodbridge, VA 22193-3602